UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

      -v-                              :

ROBERT PFAFF,                    :
                                                             08 Cr. 239 (RMB)
             Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MEMORANDUM OF LAW
## IN SUPPORT OF PROTECTIVE ORDER

                                      **MICHAEL J. GARCIA**
                                      **United States Attorney for the**
                                      **Southern District of New York**
                                      **One Saint Andrews Plaza**
                                      **New York, New York 10001**

**STANLEY J. OKULA, JR.,**
**Assistant U.S. Attorney**
    — **Of Counsel** —

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA**          :

       -v-                              :

**ROBERT PFAFF,**                     :
                                **08 Cr. 239 (RMB)**
              **Defendant.**          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF PROTECTIVE ORDER

The United States respectfully submits this Memorandum of Law in support of its position that the provisions of the interim protective order should be made permanent. For the reasons spelled out below, and the reasons set forth in the papers submitted by one of the victims of defendant Pfaff's fraud — the United Micronesia Development Association ("UMDA") — we respectfully submit that the defendant should not be permitted to end-run any limitations or rulings in parallel private litigation through the use of discovery obtained in this case.

## FACTS

**A.     Background**

As the allegations in the Indictment make clear, the defendant is charged in this case with engaging in a multi-year scheme to defraud the Internal Revenue Service ("IRS") and other taxing authorities through his receipt, together with others, of secret tax shelter fee income, which Pfaff and certain of the other recipients failed to report to the IRS and other taxing authorities on a timely basis. The defendant is also charged with conspiring to defraud UMDA by sharing the fee income with certain UMDA board members who committed UMDA to participating in tax shelter transactions that yielded millions of dollars of the secret fees, but failed to reveal to the UMDA board their receipt of the secret fees. Indictment, ¶¶ 11-19.

During the course of the grand jury investigation, UMDA produced tens of thousands of pages of documents in response to grand jury subpoenas. Those documents — which have been formatted in a way to make them fully searchable via word searches and the like — have been produced to Pfaff's attorney pursuant to the Court's interim protective order. Thousands of pages of those documents were previously made available to Pfaff in connection with *United States* v. *Stein*, 05 Cr. 888 (LAK), where the Government produced UMDA documents in connection with its ongoing investigation and pursuant to its efforts to introduce certain "other crimes" evidence in the *Stein* case. The productions in the *Stein* case were made pursuant to a protective order entered by Judge Kaplan that limited use of the UMDA documents to defense of the *Stein* allegations. (A copy of Judge Kaplan's order

was previously provided to the Court.)

In or about April 2007, UMDA commenced civil litigation in Saipan against Pfaff and others. The allegations of the Complaint include certain allegations that track the allegations leveled in the Indictment in this case. The Saipan complaint also includes allegations of additional fraudulent conduct allegedly carried out by Pfaff. *See* Swanson Declaration, Exhibit B (Pfaff papers describing allegations). Prior to the Indictment in this case, Pfaff never sought relief from the limitations of the protective order in *Stein* in order to make use of UMDA-produced documents in the Saipan case.[1]

**B.   The Discovery In The Civil Litigation**

As the papers filed by UMDA make clear, a discovery motion is pending in the Saipan litigation relating to whether Pfaff is entitled to certain discovery. In particular, UMDA is seeking an order compelling Pfaff to provide discovery or, in the alternative, an order providing that UMDA not be required to produce documents — including most of the documents produced to the grand jury — unless and until Pfaff meets his discovery obligations in that case. Thus, there exists the potential that the Court in Saipan may rule, when it hears the discovery matter within the next month, that Pfaff will not be entitled to receive, in that Saipan litigation, certain of the documents that he has received in the criminal discovery.

---

[1] Pfaff also has not sought relief from the interim protective order signed by this Court. Notwithstanding that, Pfaff arguably made "use" of the documents by arguing the contents of those documents in papers recently filed in the civil litigation in Saipan. *See* UMDA Memorandum, at 2-3.

## ARGUMENT

Our position in this dispute is simple: the Rule 16 discovery provided to Pfaff in this case is to allow him to prepare a defense in this case. Given that the contours of the discovery in the civil case might, depending on the facts in that case, be different from those in this case, we submit that this Court should let the Judge in the Saipan case decide the appropriate scope of criminal discovery there. Indeed, it would be peculiar indeed if this Court were to permit Pfaff to make use of the discovery in the civil litigation, while the Saipan Court were to rule next month that, based on Pfaff's conduct in failing to meet his discovery obligations, he was not entitled to certain discovery from UMDA. Such an outcome would effectively allow Pfaff to get and make use of, through the discovery in this case, that to which he would not be entitled in the civil litigation.

There is no authority of which we are aware commanding or compelling that Pfaff be entitled to use criminal discovery in a parallel civil litigation, particularly where there are sharp discovery disputes that may result in different universes of discovery being produced. In such a case, we submit, the Court should allow the Saipan court to define the appropriate boundaries, and uses, of discovery in its matter. *Cf. United States* v. *Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (noting that documents passed between parties in discovery are not presumed to be accessible to public, and further noting that courts have power to insure that records, including those subject to public access, are not "used to gratify private spite or promote public scandal") (quoting *Nixon* v. *Warner Communication. Inc.*, 435 U.S. 589, 598 (1978)); *United States* v. *Luckho*, 2007 WL 1651139, at *10-11 (E.D.Pa. Jun. 6, 2007)

(finding that "protective order protects the privacy interests of uncharged persons, promotes the government's policy of open discovery and prevents unnecessary disclosure of investigative techniques," and further holding that "[g]iven the large-scale nature of the discovery involved in this case and the attendant monumental burden on the government involved in reviewing and making redaction decisions with respect to all of these documents, an umbrella protective order is appropriate").

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court keep the current protective order in place. In the event that the Saipan court rules that Pfaff is entitled to discovery in the civil litigation, the Saipan court is entitled to deference with respect to the scope of that discovery.

Dated: New York, New York
    June 23, 2008

    Respectfully submitted,

    MICHAEL J. GARCIA
    United States Attorney


By:  s/Stanley J. Okula, Jr.
    STANLEY J. OKULA, JR.
    Assistant United States Attorney
    (212) 637-1585 (914) 993-1961