UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>vs.<br><br>ROBERT PFAFF,<br><br>                          Defendant. | 08 CR 239 (RMB)<br><br>**UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC.'S SUBMISSION REGARDING PROTECTIVE ORDER** |

United Micronesia Development Association, Inc. ("UMDA") offers this submission on the Court's interim protective order limiting use of criminal discovery to the criminal case.

**I.     Introduction**

The interim protective order covers material produced to the United States Attorney's Office (USAO) in response to grand jury subpoenas. There are two categories of documents at issue: material produced by UMDA (the "UMDA documents") and material produced by persons or entities other than UMDA (the "non-UMDA documents").

The Court should maintain, at least temporarily, its interim protective order regarding the UMDA documents. Motions are pending the Superior Court for the United States Commonwealth of the Northern Mariana Islands ("CNMI") which will determine whether Pfaff is entitled to receive these materials. UMDA respectfully requests that this Court not issue an order which would effectively supersede the civil court's ruling on that question.

As to the non-UMDA documents, should the Court determine that Pfaff may use that material in the civil case, the Court's ruling should not prejudice either party to the civil dispute. UMDA therefore requests that any order permitting Pfaff's use of non-UMDA documents in the civil case also permit Pfaff to produce those documents to UMDA in response to a discovery

request.

## II.    The UMDA Documents

### A.    Civil Case Background and Defendants' Use of Criminal Discovery

In the civil case, UMDA claims that a number of individuals, among them Pfaff, used various corporate entities to defraud UMDA and UMDA's stockholders. The corporate entities with which Pfaff is associated include GET Realty Trust ("GET") and KCT Irrevocable Trust ("KCT").

UMDA propounded document requests to Pfaff and GET in July 2007 and to KCT in February 2008. To date, Pfaff has produced no documents, and GET and KCT have produced very few. UMDA believes that the failure to produce documents and other discovery is not in good faith and has moved to compel. UMDA has also requested an order that UMDA not be required to produce discovery until Pfaff meets his own discovery obligations. The UMDA discovery that is the subject of the motion for a protective order in the civil case is, to a large extent, the same discovery that UMDA produced to the United States Attorney's Office. Thus, the CNMI court is poised to rule whether Pfaff is entitled to receive and use in the civil case essentially the same documents Pfaff has received in the criminal case.

Despite this Court's interim protective order, Pfaff and his codefendants are already using the criminal discovery to oppose UMDA's motion to compel.[1] First, GET and KCT argued that the criminal discovery disproves UMDA's allegations in the civil case:

> While denying any such production to Defendants, the trusts are advised that

---

[1] The interim protective order provides that criminal discovery may be "used . . . only for purposes of preparing for and conducting the trial in this action and *United States v. Stein*, S2 05 CR 888 (LAK), and for pursuing any appeals in this action and Stein."

> UMDA has produced boxes of documents to the United States government, allegedly relevant to transactions involving UMDA, Pfaff and the trusts, and those documents suggest that UMDA will not be able to prove the central allegations in the First Amended Complaint[.]

GET, KCT Opposition to Plaintiffs' Motion to Compel (**Exhibit A** to Declaration of Edward Swanson ("Swanson Decl.")), 9:5-12.

Second, Pfaff's opposition to UMDA's motion to compel includes several pages describing information produced in the criminal matter. Pfaff writes:

> [T]he documentary evidence *disproves* that Mr. Pfaff or anyone related to him improperly took any corporate opportunities or acquired UMDA stock. UMDA knows full well that this is the case, as it produced those exonerating documents to the United States Attorney in connection with the criminal cases pending in New York.
>
> Since the contentions in the two criminal cases overlap with and relate to UMDA's claims, UMDA produced thousands of pages of documents to the U.S. Attorney's Office in New York in response to a government subpoena. Mr. Pfaff's lawyers received these documents as part of the government's criminal discovery obligations. Because an interim protective order does not permit counsel to produce the documents for the Court's review that expressly contradict UMDA's factual contentions, counsel offers the following information derived from the documents and urge the Court to order UMDA to produce the documents forthwith.

Pfaff's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Compel (**Exhibit B** to Swanson Decl.), 5:16 - 6:2 (emphasis in the original). Pfaff's filing then describes the contents of some of "the documents that UMDA produced to the government, but refuses to produce here [in the civil case]." *Id.* at 6-7.

Based on defendants' use of the criminal discovery in the civil case and Pfaff's request to modify the protective order to permit use of the criminal discovery in the civil case, UMDA has filed a motion to expedite the hearing on its motions to compel and for a protective order.

### B. The Court Should Maintain the Protective Order as to the UMDA Documents

This Court's interim protective order disadvantages neither party to the civil case. The order allows the civil discovery dispute to proceed as if there were no criminal case pending, permits the CNMI court judge to decide whether Pfaff is entitled to discovery, and ensures that the CNMI judge's ruling on that question will actually determine whether Pfaff receives the discovery in the civil case. Nor does the protective order as to the UMDA documents work any hardship on Pfaff's ability to defend the criminal matter; under the order, Pfaff can make full use of the documents in the criminal cases.

The interim protective order also protects the status quo in the civil case. Of course, if the CNMI court rules that UMDA should produce discovery, UMDA will do so and will have no objection to this Court lifting its protective order as to these materials. However, should the CNMI court ultimately rule that Pfaff has no right to receive discovery from UMDA, lifting the interim protective order would seriously prejudice UMDA and its ability to prosecute the civil case and would inadvertently interfere with the CNMI court's supervision of civil discovery.

UMDA's concerns in this regard are informed by the fact that, despite the protective order, the civil defendants have already made use of the criminal discovery. Pfaff's criminal counsel has apparently provided this material not only to Pfaff's civil counsel but also to counsel for GET and KCT, and all three parties have reviewed it and are employing it in the civil case. This is precisely the result that UMDA's pending motion in the civil court was designed to avoid: Pfaff and his co-defendants have obtained UMDA discovery, but UMDA has received no discovery in return. Should this Court lift its protective order, it is clear that defendants will not

hesitate to make full and immediate use of the criminal discovery, regardless of how the CNMI court rules.

In sum, to prevent further prejudice to UMDA and to avoid superseding the decision of the CNMI court, UMDA respectfully requests this Court to maintain the interim protective order as to the UMDA documents.[2]

### III.   The Non-UMDA Documents

The criminal discovery includes materials produced to the United States Attorney's Office by persons or entities other than UMDA. Unlike the UMDA documents, this material is no currently the subject of litigation in the CNMI court. Undersigned counsel understands, based on the parties' recent meet and confer session, that if this Court intends to permit Pfaff to use the non-UMDA document in the civil case, the government has no objection to Pfaff producing these documents to UMDA. Swanson Decl., ¶ 4. In the interests of fairness, if Pfaff is permitted to use non-UMDA documents in the civil case, UMDA should also have access to those documents. UMDA therefore requests that any order from this Court not limit Pfaff's ability to produce the non-UMDA documents in response to a proper discovery request in the CNMI case. UMDA would also request that the Court, prior to modifying the current protective order, ascertain from Pfaff whether he will object to producing the non-UMDA documents in the civil case. Should Pfaff have no objection to providing the documents, UMDA has no objection to a modification

---

[2] Counsel for UMDA has reviewed the transcript of the last calling of the case, where the parties discussed how to handle confidential information in the discovery. UMDA's concerns about the protective order are not based on the provisions that apply to the use of confidential information. UMDA is satisfied that such information will be redacted from the criminal discovery. Instead, UMDA wishes to foreclose the possibility that Pfaff will use the criminal discovery to circumvent the ruling of the CNMI court on his right to receive civil discovery.

of the protective order permitting Pfaff to use non-UMDA discovery in the civil case.

## IV.   Conclusion

UMDA respectfully asks this Court to maintain temporarily the protective order as it applies to the UMDA documents and to allow the civil court judge to decide whether Pfaff is entitled to receive them. With regards to the non-UMDA documents, UMDA requests that the Court first ascertain whether Pfaff will provide such material to UMDA and that the Court's order not prevent Pfaff from producing that material in the civil case.


Dated: June 20, 2008
      San Francisco, CA

                                        Respectfully submitted,

                                        Edward W. Swanson, CSBN 159859
                                        (Motion for admission *pro hac vice* pending)
                                        SWANSON, MCNAMARA & HALLER LLP
                                        300 Montgomery Street, Suite 1100
                                        San Francisco, CA 94104
                                        Telephone: (415) 477-3800
                                        Facsimile: (415) 477-9010
                                        Email: eswanson@smhlegal.com

                                        Attorneys for Non-Party UNITED MICRONESIA
                                        DEVELOPMENT ASSOCIATION, INC.