UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ROBERT PFAFF,<br><br>                              Defendant. | 08 CR 239 (RMB)<br><br>**UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC.'S RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO GOVERNMENT'S PROTECTIVE ORDER** |

      Defendant Robert Pfaff has either fundamentally misunderstood or is deliberately mischaracterizing UMDA's previous submission regarding this Court's interim protective order. Pfaff writes that UMDA wants this Court "to bar Mr. Pfaff's use of UMDA's own documents in the Saipan civil case, regardless of what the Saipan court rules." Opp., 2. But UMDA wrote that "if the CNMI court rules that UMDA should produce discovery, UMDA will do so and will have no objection to this Court lifting its protective order as to these materials." UMDA Submission, 4. Pfaff complains that "the government proposes to give UMDA non-party documents, without regard to the civil rules in Saipan, and without regard to UMDA's right to these papers under Saipan law." Opp., 10. But no one ever proposed that the government give anything to UMDA. Instead, UMDA requested that this Court not limit *Pfaff's* ability to produce non-UMDA documents "in response to a proper discovery request in the CNMI case." UMDA Submission, 5. As UMDA pointed out, in a recent meet and confer session (in which Pfaff's counsel participated), the government simply indicated it would have no objection to UMDA obtaining these documents *from Pfaff* in response to a civil discovery request.

      Pfaff's mischaracterizations are all the more puzzling because the parties actually appear

to be in agreement. Pfaff writes, and UMDA also submits, that "it should be the Saipan court's decision as to . . . what documents may be used in pretrial proceedings." Opp., 2. For some reason, however, Pfaff believes that the best way to let the Saipan court decide the issue is for *this* Court to order that Pfaff may use the documents in the civil case *before* the Saipan court has had a chance to decide that very question. Pfaff does not deny that the Saipan court is poised to rule whether Pfaff should receive the UMDA documents in civil discovery, but he apparently wishes this Court to issue an order that would grant him full use of the UMDA documents in the civil matter *before* the Saipan court makes a decision. It is Pfaff's approach, not UMDA's, that would "turn all notions of federalism and comity on their head." Opp., 10.

Pfaff also seeks to minimize UMDA's concerns about what he will do with the criminal discovery in the civil case, arguing that his filing of briefs in the civil case which contained detailed descriptions of the UMDA documents did not constitute "use" of the documents. Pfaff submits that the plain meaning of the verb "to use" – i.e. "'to convert to one's service,' 'to employ,' 'to avail oneself of,' and 'to carry out a purpose or action by means of'" (*United States v. Williams*, 520 F.3d 414, 421 (5th Cir. 2008)) – should be disregarded because of an out-of-court statement by government counsel. Specifically, Pfaff argues that a suggestion made by government counsel in an email that predated the order should be read to change that order's plain meaning.[1] This conduct – Pfaff's use of the UMDA documents in the civil case in spite of

---

[1] It should also be noted that Pfaff himself apparently *rejected* the government's suggestion that Pfaff propose language which would define "use" as "physically disclosing or physically sharing." Opp., 5. As Mr. Scheper wrote in a previously-submitted declaration, "Mr. Okula invited me to propose alternative language and suggested that I agree not to 'physically disclose or physically share' the documents. In my letter of May 19 . . . I detailed certain of the deficiencies in his original draft and his proposed modification." Scheper Declaration, May 29, 2008 at ¶5.

the plain language of the interim protective order prohibiting their use and in spite of the pending hearing in the Saipan court about whether Pfaff is entitled to receive the documents in the civil case – only underscores the need for the interim protective order to remain in place.

Finally, Pfaff has not identified any prejudice that would flow from implementing UMDA's proposals. Under UMDA's proposals, Pfaff can use the UMDA documents in the criminal case and, if the Saipan court determines that he is entitled to have them in the civil case, he can use them in the civil case as well. He can use the non-UMDA documents in the criminal case *and* the civil case; this Court would simply not prevent Pfaff from producing the non-UMDA documents to UMDA. Neither of these proposals would improperly limit Pfaff's ability to defend himself in the civil and criminal actions.

To be clear, UMDA proposes the following: (1) that the protective order remain in place as to the UMDA documents until the Saipan court has determined whether Pfaff is entitled to receive them in the civil case; and (2) that any order regarding the non-UMDA documents not limit Pfaff's ability to produce such documents to UMDA in response to a valid discovery request in the civil case. Neither of these outcomes would prejudice Pfaff in any way. Both

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

would allow the civil case to proceed without the danger of the civil court's discovery rulings being preempted by a decision made in the criminal case.

Dated: July 7, 2008
San Francisco, CA

Respectfully submitted,

   /s/ Edward W. Swanson
Edward W. Swanson (*pro hac vice*)
SWANSON, MCNAMARA & HALLER LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010
Email: eswanson@smhlegal.com

Attorneys for UNITED MICRONESIA
DEVELOPMENT ASSOCIATION, INC.