**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>-against-<br><br>ROBERT PFAFF,<br><br>       Defendant. | CASE NO. 08 CR 239 RMB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT PFAFF'S MOTION FOR A BILL OF PARTICULARS**<br><br>**Hearing Date:** September 23, 2008<br>**Time:**        10:00 a.m. |

**I.     INTRODUCTION**

The government's two-paragraph, citation-free response to Mr. Pfaff's motion for a bill of particulars says only two things: First, it asserts that there were unspecified filings in the Stein case that implicitly relieve the government of the obligation to state clearly what is alleged in this case. Second, in lieu of providing a bill of particulars, the government proposes to make informal disclosure of unspecified information, in an unspecified form, at an unspecified time:

> to the extent that the Government intends to prove, in this case, the fraudulent nature of any of the tax shelters giving rise to the secret fee income, we agree to provide that information to Pfaff, specifying the transactions and the manner in which they were fraudulent.

There is nothing more to the government's opposition. Indeed, there is no description of the alleged tax shelters in the "Relevant Facts" section, no reference to exactly what filings from the Stein case are material here, and no commitment accompanying the government's non-binding "proposal" as to when and in what form it will "specify[] the transactions and the manner in which they were fraudulent." Simply put, there is an accepted mechanism for providing details missing from the government's indictment: a bill of particulars, to which Mr. Pfaff is entitled.

## II. THE COURT SHOULD ORDER A BILL OF PARTICULARS OR STRIKE THE "FRAUDULENT TAX SHELTER" ALLEGATIONS

Now is the time for the government to decide and to disclose whether it will pursue the indictment's allegations. The government qualifies its proposal – "to the extent that the Government intends to prove, in this case, the fraudulent nature of any of the tax shelters . . ." – and thereby suggests that it has not decided whether to present evidence and make legal arguments supporting the "fraudulent tax shelter" allegations in paragraph 18 of its indictment and elsewhere. Mr. Pfaff, however, is entitled to know the charges against him at the outset of the case. He should not have to prepare a series of hypothetical defenses to the possible allegations upon which the government might eventually settle. Right now, the indictment broadly and non-specifically alleges:

> 18. Among the tax shelter transactions that were designed, marketed, and implemented by ROBERT PFAFF, the defendant, and his co-conspirators, and which resulted in the payment of fee income to PFAFF and others were: (i) transactions involving the Saipan Company in its capacity as a CNMI corporate taxpayer seeking to eliminate or reduce millions of dollars of its tax obligations; (ii) transactions in which the Saipan Company or one of its shareholders advanced funds to finance certain transactions that did not involve the Saipan Company as a taxpayer; (iii) transactions in which PFAFF provided tax services and advice on behalf of KPMG while simultaneously and secretly agreeing with his co-conspirators to share in the profits generated through the implementation of the transactions; and (iv) transactions in which DeGiorgio, PFAFF and their co-conspirators enlisted HVB or its predecessor bank to provide purported financing or otherwise participate.

(Ind. ¶ 18.) Moreover, now is the time that has been set – at the government's urging – for pretrial motions. There is no basis in fairness, or in bill of particulars jurisprudence, to delay facing this issue. If the government wishes to forego trying to establish improper tax shelters, then it should drop these allegations now, and we can all focus on narrower, simpler, and far less flamboyant allegations.

Mr. Pfaff risks unfair surprise if the government does not disclose exactly what transactions it contends are "tax shelters" and why they are "fraudulent." The point of Rule 7(f) is uncontroversial: the government may not surprise the defendant at trial by refusing to particularize

vague allegations.  See United States v. Brotnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (stating that a bill of particulars may be ordered "to prevent surprise").  Yet now, despite years of investigation and following its inability to explain its tax shelter allegations in the briefs and arguments we discussed in our moving papers, the government continues to be coy about what is at issue.  Exactly which KPMG or other transactions are alleged?  What statements by whom are "fraudulent"?  On what allegations is the government proceeding?  The indictment does not say, nor does the government's opposition.  In fraud cases where, as here, the indictment makes only vague allegations, the district court should order specification of the charges.  See United States v. Nachamie, 91 F. Supp. 2d 565, 574 (S.D.N.Y. 2000) (ordering the government to specify how insurance claims were false); United States v. Savin, 2001 U.S. Dist. LEXIS 2445, at *10 (S.D.N.Y. March 13, 2001) (ordering the government to specify which "intercompany transfers" were fraudulent); United States v. King, 1995 U.S. Dist. LEXIS 4222, at *2 (S.D.N.Y. April 4, 1995) (ordering the government to specify which insurance claims were fraudulent).  The law in this circuit requires the government to decide and to disclose the allegations in the indictment on which it intends to proceed.  See United States v. Brotnovsky, 820 F.2d at 574 (failure to provide crucial information regarding the alleged fraud constituted reversible prejudice).

        Here, the government's indictment does not address the core issue of "tax shelters," the hurdle on which the government's Stein 404(b) presentation stumbled.  The government should disclose not only how (or if) the unspecified transactions are truly "tax shelters," but how such tax shelters are "fraudulent."  The government is well aware that "tax shelter" is a defined term in the Internal Revenue Code, based on various statutory tests that were in place at the relevant times.  If the government alleges that any of these transactions are "tax shelters," it should disclose which ones and why they are under the Tax Code.  Otherwise, there is no justification for using a loaded phrase like "fraudulent tax shelter" or "tax shelter fee income" in this case.

Mr. Pfaff is entitled to a bill of particulars to provide the crucial details missing from the indictment. He is entitled to rely on the formality of a Rule 7(f) statement, and to use it if needed in the case. In contrast to the government's non-binding proposal to provide unspecified information, in an unspecified form, at an unspecified time, a bill of particulars in compliance with the Federal Rules of Criminal Procedure leaves less room for misunderstanding and vagueness.

### III. CONCLUSION

For the reasons set forth above, Mr. Pfaff respectfully requests that the Court order the government to provide a bill of particulars identifying each transaction being challenged, and stating for each what is fraudulent or otherwise inappropriate about it, whether it amounts to a "tax shelter" and why, which statements are fraudulent, and what the actual truth is. Alternatively, if the government does not intend to attempt to prove that the allegedly misreported income was generated by "fraudulent tax shelters," the Court should strike paragraph 18 and related allegations from the indictment.

Dated: September 15, 2008                       Respectfully submitted,

_____/S/_____
David C. Scheper
Overland Borenstein Scheper & Kim LLP
One Bunker Hill
601 W. Fifth Street, 12th Floor
Los Angeles, CA  90071
(213) 613-4655